**Cleta Mae HOWARD, Appellant,**

v.

**Thomas B. HOWARD, Appellee.**

Court of Appeals of Kentucky.

June 25, 1971.

———◆———

A. Dale Bryant, Bryant & Franks, Jackson, for appellant.

Thomas S. Miller, Jackson, for appellee.

REED, Judge.

This appeal presents another divorce case where the only real issues are: What is a proper division of the property acquired by the joint efforts of the parties and is the wife entitled to alimony?

Cleta Mae Howard married Thomas Howard in 1946. They lived together for 23 years. Two children were born as the result of the marriage. Thomas Howard filed suit for divorce in 1969. At that time, the older child, a daughter, had reached her majority and was self-supporting; the younger child, a son, was 8 years old and in the third grade in elementary school. Cleta Howard counterclaimed for a divorce, custody of the minor child of the parties, and she also sought alimony and a settlement of her property rights.

The brief evidence in the case consisted of the testimony of the two contesting parties and a witness who merely corroborated their testimony concerning their residence in the state and in the county where the action was instituted and tried.

It is immediately apparent from the evidence, it is conceded by the husband, and, indeed, the trial judge found that the wife was entitled to a divorce. The husband was principally at fault and was not entitled to a divorce. She blamed most of the trouble on his heavy and prolonged drinking which she claimed had progressed to the point of chronic alcoholism. He excused part of his conduct by claiming unreasonable interference in his home life by his mother-in-law.

The trial judge awarded the wife an absolute divorce; he also vested custody of the minor son in her with right of reasonable visitation granted to the husband; the husband was ordered to pay $125 a month for the support of the child and to pay $10,000 to the wife as "alimony and property settlement."

The evidence, sketchy though it was, did establish that the net worth of the property acquired through the joint efforts of the parties to the marriage was represented by the present fair market value of a restaurant known as the "Tee Pee." The wife testified that $60,000 was invested in the restaurant business. This sum represented the net proceeds, remaining after the payment of certain debts, from the sale of an oil distributing firm which the husband had formed and operated with the help of the wife. After adjustment for liabilities arising from current debts, the wife claimed that the fair market value of the jointly acquired property was about $52,000.

The husband agreed to furnish statements which would show the quarterly net

profit produced by the restaurant business, but he did not produce the information. The wife did not seek to require its production prior to the time the case was submitted.

The husband argued that the restaurant is located on real property which is leased rather than owned. The business possesses a 50-year lease on its location and, therefore, its land and buildings are not owned in fee simple. Hence, it is contended by the husband that the fair market value of the business must be discounted because of the existence of a leasehold interest.

The evidence was clear that the wife materially contributed to the acquisition of the net estate. She worked as a beautician and conducted a beauty shop until 1956. The money she earned went into the support of the family and into their business ventures. She actively worked part time in their oil business venture. She has worked in the restaurant. Therefore, she would appear to fall in the category of a homemaker who has also participated actively in business ventures that produced the current estate which is subject to division between the parties.

Under Colley v. Colley, Ky., 460 S.W.2d 821, the matters of division of property acquired by the joint efforts of the parties and alimony should be separately considered by the trial court. We conclude that the allowance made in this case appears, under the evidence, to be either a division of jointly acquired property that is unreasonable in not determining the wife's share to be proportionately greater than was apparently determined or it is an instance in which alimony was actually refused although the legal requirements and the proof required its allowance in some amount.

Therefore, we remand the case with direction that the parties be permitted to introduce additional evidence on the issue of the fair value of the present estate to be divided, if they so desire, and that the trial court then proceed in accordance with the Colley opinion to determine first the proper division of the estate acquired by the joint efforts of the parties and then after that determination award alimony in the light of the considerations recited for its allowance in the Colley case.

The judgment is reversed for further proceedings consistent herewith.

All concur.